782          NEBRASKA REPORTS.          [VOL. 99

State, ex rel. Town of Ewing, v. Town of Golden.

---

STATE, EX REL. TOWN OF EWING, APPELLANT, v. TOWN OF GOLDEN ET AL., APPELLEES.

FILED APRIL 29, 1916. No. 19555.

**Towns: POWER TO CREATE.** In a county under township organization the board of supervisors may create new towns. Rev. St. 1913, secs. 995, 1054, 1068.

APPEAL from the district court for Holt county: R. R. DICKSON, JUDGE. *Affirmed.*

*H. M. Uttley,* for appellant.

*J. J. Harrington, contra.*

Rose, J.

This is a proceeding in the nature of *quo warranto* to test the legal existence of the town of Golden, the town of Ewing being relator. Holt county adopted township government in 1887, the town of Ewing consisting of townships 26 and 27, in range 9, and the east half of the two adjoining townships on the west. The county board of supervisors made an order July 14, 1915, dividing the original town of Ewing, the south half retaining that name and the north half being organized as the town of Golden. Relator took the position that the order of the board of supervisors was void as having been made without authority of law. The district court dismissed the action, and relator has appealed.

The vital question upon appeal is: Had the board of supervisors authority to divide the old town and to create a new one? The answer depends upon the legislation on the subject of township government. The statute provides:

"When the board of supervisors shall have been organized as stated in the preceding sections they shall at once divide the county into townships by making such townships conform as nearly as practicable to townships according to government survey. * * * When any government township shall have too few inhabitants for a separate organization, then such township may also be added to an adjoining township or the same may be divided between two or more townships for the time being." Rev. St. 1913, sec. 995 (Laws 1895, ch. 28, sec. 9).

"In addition to the powers hereinbefore conferred upon all county boards, the board of supervisors shall have power * * * to change the boundaries of towns, and to create new towns as provided by law." Rev. St. 1913, sec. 1068 (Laws 1879, p. 372).

Relator contends that the latter section is unconstitutional. It was part of an act "Concerning counties and county officers," and was passed in 1879. Laws 1879, p. 353. The argument seems to be that the grant of power to the board of supervisors was invalid, because, at that time,

784          NEBRASKA REPORTS.          [Vol. 99

State, ex rel. Town of Ewing, v. Town of Golden.

there was no law authorizing a county to adopt township organization, the act of 1877, providing for township organization, having been declared unconstitutional. *State v. Lancaster County*, 6 Neb. 474. While the provisions relating to the board of supervisors may have been without practical effect in absence of a law authorizing township organization, the act of 1879 was not for that reason unconstitutional. *Albert v. Twohig*, 35 Neb. 563. Later the legislature enacted a law providing for township organization. Laws 1883, ch. 36. It did not, however, purport to completely define the powers and duties of the county board of supervisors. The lawmakers obviously intended that the existing provisions of the act of 1879 on that subject should apply to all counties adopting township organization. The act of 1883 was subsequently repealed and a new law substituted. Laws 1895, ch. 28. No provision of the act of 1879, in relation to the county board of supervisors, was repealed. On the contrary, it was provided:

"In the absence of any special provision governing the board of supervisors as contemplated by this act, such board of supervisors shall be governed by and perform all the duties and have all the powers applicable to county boards as provided by the general laws of this state." Laws 1895, ch. 28, sec. 73 (Rev. St. 1913, sec. 1054).

The act of 1879 was one of the general laws to which reference was thus made. Relator has not shown that the act assailed is unconstitutional or that the board of supervisors of Holt county exceeded its powers in creating the town of Golden.

Technical questions not affecting the merits of the controversy have been presented, but will not be discussed.

AFFIRMED.

MORRISSEY, C. J., not sitting.